UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

FILED
IN CLERKS OFFICE
2026 AUG 31 P 12: 18
U.S. DISTRICT COURT
DISTRICT OF MASS.

**EDMAR WASINGTON MATIS,**
Plaintiff,

v.

CASE NO.: 1:26-cv-12455

**MARKWAYNE MULLIN, Secretary,**
U.S. Department of Homeland Security;
**JOSEPH B. EDLOW, Director,**
U.S. Citizenship and Immigration Services;
**DOROTHY MICHAUD, Field Office Director,**
Boston Field Office, USCIS; and
**UNITED STATES CITIZENSHIP AND**
IMMIGRATION SERVICES,
Defendants.

---

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2)**

I, Edmar Wasington Matis, appearing pro se, respectfully move this Honorable Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for the entry of a Default Judgment against Defendants Markwayne Mullin, Joseph B. Edlow, Dorothy Michaud, and U.S. Citizenship and Immigration Services (USCIS). In support of this Motion, I respectfully state as follows:

**1. STATEMENT OF PROCEDURAL HISTORY AND FILING CLARIFICATION**

1. On June 1, 2026, I filed my Complaint for Adjudication of Naturalization Application Pursuant to 8 U.S.C. § 1447(b).
2. On June 1, 2026, I submitted initial proof of service to the Court.
3. On June 9, 2026, the Court received certified Proof of Service confirming receipt and signed delivery upon Defendants pursuant to Fed. R. Civ. P. 4(i).
4. Pursuant to Fed. R. Civ. P. 12(a)(2), Defendants had 60 days from service to answer or otherwise respond to my Complaint, establishing a response deadline on or before August 10, 2026.
5. Defendants failed to plead, defend, or otherwise appear within the statutory time frame prescribed by law.

6. Clarification Regarding Filing: I am submitting this Motion for Default Judgment after consulting with Court personnel, who instructed me that I could proceed with submitting this motion prior to a formal Entry of Default being recorded on the docket. To the extent necessary, I respectfully request that the Court construe this filing as incorporating a request for the Clerk's Entry of Default under Fed. R. Civ. P. 55(a) alongside Default Judgment under Fed. R. Civ. P. 55(b)(2).

**2. ESTABLISHMENT OF RIGHT TO RELIEF UNDER FED. R. CIV. P. 55(d)**

Because this action is brought against the United States and its officers, Fed. R. Civ. P. 55(d) requires me to establish my claim or right to relief by evidence that satisfies the Court. I satisfy this standard through the following undisputed facts:

**A. Jurisdiction and Statutory Right:** I successfully passed all required examination testing during my December 16, 2025 naturalization interview. More than 120 days elapsed without a determination, properly vesting exclusive jurisdiction in this Court pursuant to 8 U.S.C. § 1447(b).
**B. Active Compliance and Good Faith:** I have consistently and promptly responded to every administrative requirement, proactively communicating with USCIS on multiple occasions and never ignoring any directive or inquiry.
**C. Military Service and Allegiance:** I am an active service member of the United States Armed Forces, serving honorably through the National Guard. On January 20, 2026, I departed to fulfill mandatory U.S. Military Basic Training orders, actively placing myself in service to protect and defend the United States while my application remained indefinitely stalled.
**D. Formal Agency Default:** USCIS formally communicated to me in writing that it was 'unable to provide a completion date,' effectively acknowledging an open-ended failure to perform its statutory obligation under federal law.

**3. EQUITABLE CONSIDERATIONS AND REQUESTED ADJUDICATION TIMELINE**

I am not asking this Court for special treatment or an unearned shortcut; I am asking only for the basic dignity, respect, legal protection, and statutory certainty guaranteed to me under federal law. Having voluntarily stepped forward to defend this Nation, I seek the very legal security and safety net I actively serve to uphold. I have maintained complete transparency, upheld all laws, and fulfilled every administrative duty required of me.

To ensure that Defendants are afforded every fair opportunity while preventing further indefinite delay, this Court may, in its discretion, order USCIS a final period of thirty (30) days to complete its review, show cause, and fully adjudicate my Form N-400 application. Allowing the government to neglect statutory timelines and court processes while a uniformed service member remains in perpetual legal uncertainty undermines the core protections enacted by Congress under 8 U.S.C. § 1447(b).

WHEREFORE, I respectfully request that this Honorable Court:

1. GRANT this Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (and direct the Clerk to enter default under Fed. R. Civ. P. 55(a) if not previously entered);
2. ASSUME JURISDICTION over my Form N-400, Application for Naturalization, pursuant to 8 U.S.C. § 1447(b);
3. ENTER AN ORDER approving my Application for Naturalization, or, in the alternative, ORDER USCIS to review, adjudicate, and make a final determination on my Form N-400 within thirty (30) days, and schedule my Oath of Allegiance immediately thereafter; and
4. GRANT such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

**Edmar Wasington Matis, Pro Se**
30 Carter St
Woburn, MA 01801
425 Washington Ave #3
Chelsea, MA 02150
Phone: 7812197515
Email: Edmarwasi@gmail.com

Dated: August 27, 2026